Oldham, J. This was an appeal from the judgment of a justice of the peace to the circuit court. Upon the cause coming into that court, the appellee, for the reasons stated in his motion, moved “ that the case be stricken from the docket.” The court sustains the motion. It is insisted by the defendant in error in support of the decision of the circuit court that the judgment rendered by the justice was by default, and that no appeal could be taken from it without a motionj in fifteen days, after its rendition, to set it aside had been made and overruled. Upon examination of the proceedings before the justice we cannot agree that the judgment is by default. The record states that the parties appeared by their attorneys. In most cases, such is the only evidence of appearance before justices of the peace. There are no pleadings in writing between’ the parties. The defendant may appear and perform many substantive acts of defence without any notice whatever being taken of them. The evidence of an appearance in the circuit court is very different from that before a justice of the peace, and the rules by which an appearance is determined in the one case, are wholly inapplicable in the other. The justice has said upon his record that the defendant did appear and we cannot controvert that statement. It is also contended that no appeal was prayed or granted'. This position is also controverted by the record upon which the following appears: “appeal, prayed and granted, affidavit and bond’ filed June 4th 1842.” It is true that this entry appears upon the margin of the record, but justices of the peace cannot be held' to the strict rules of technical formality. The entry as made contains substantial and satisfactory evidence of the facts stated in it that an “ appeal was prayed and granted, and an affidavit and bond were filed.” An affidavit, in which an appeal is prayed from the judgment, as well as a recognizance in accordance with the statute, appears among the papers. The appeal was regularly taken and the circuit court erred in ordering the same to be stricken from the docket. The judgment is reversed and the cause remanded to the circuit court to be reinstated upon the docket for a trial in that court upon its merits.